UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESHAWN HAROLD JEWELL,

    Petitioner,

v.                                      Case No. 19-cv-658-pp

WARDEN RANDALL R. HEPP,

    Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 30)**

On October 14, 2022, the court dismissed the petition for writ of *habeas corpus* under 28 U.S.C. §2254 and issued a certificate of appealability. Dkt. No. 22. The court entered judgment the same day. Dkt. No. 23. On November 17, 2022, the petitioner filed a motion for an extension of time to file a notice of appeal. Dkt. No. 24. The same day, the petitioner filed a notice of appeal. Dkt. No. 25. The court granted the petitioner's motion to for an extension on November 21, 2022. Dkt. No. 29. The petitioner since has filed a motion for leave to appeal without prepaying the filing fee. Dkt. No. 30.

Under Federal Rule of Appellate Procedure 24(a), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court

1

decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). The petitioner's affidavit of indigence lists his sole source of income as monthly institution payments averaging $96. Dkt. No. 30 at 2. The affidavit states that he has $4,264 in his release account. Id. at 3. The affidavit shows that the petitioner has no monthly expenses. Id. at 5. According to the petitioner's trust account statements, as of November 29, 2022, he had $59.94 in his regular trust account. Dkt. No. 31 at 1. The court finds that the petitioner cannot pay the $505 appellate filing fee.

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). Although the court dismissed the petition, it issued a certificate of appealability, concluding that reasonable jurists could debate, or disagree, about whether the trial court's *ex parte* communication with the jury constituted a constitutional error that was harmless beyond a reasonable doubt. Dkt. No. 22 at 42. The Seventh Circuit has explained that "the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." O'Brien, 216 F.3d at 634.

2

Case 2:19-cv-00658-PP   Filed 01/09/23   Page 2 of 3   Document 32

Having concluded that the petitioner satisfied the more demanding standard for a certificate of appealability, the court concludes that his appeal is not frivolous.

The court **GRANTS** the petitioner's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 30.

Dated in Milwaukee, Wisconsin this 9th day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**